IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a non-
profit corporation,

        Plaintiff,

   v.                                            CIV. NO. S-08-2184 LKK/KJM

CITY OF STOCKTON, a municipal
corporation,

        Defendant.
_____/

COALITION FOR A SUSTAINABLE
DELTA, a California corporation,
BELRIDGE WATER STORAGE DISTRICT,
A California Water Storage
District, BERRENDA MESA WATER
DISTRICT, a California Water
District, CAWELO WATER DISTRICT,
a California Water District,
NORTH OF THE RIVER MUNICIPAL
WATER DISTRICT, a California
Municipal Water District,
WHEELER RIDGE-MARICOPA WATER
STORAGE DISTRICT, a California
Water Storage District, and
DEE DILLON, an individual,

        Plaintiffs,

   v.                                              CIV. NO. S-09-0466 JAM/DAD

CITY OF STOCKTON, a municipal
corporation, and COUNTY OF SAN
JOAQUIN, a political subdivision
of the State of California,
                                                  <u>RELATED CASE ORDER</u>

        Defendants.
_____/

1

1 | Examination of the two above-entitled actions reveals that they are related within the meaning of Local Rule 83-123, as they involve substantially the same questions of fact and law. For example, both allege that the City of Stockton's municipal separate storm sewer system is operated in violation of sections 505(a) and (f) of the Clean Water Act, 33 U.S.C. §§ 1365(a), (f).

Accordingly, the assignment of the matters to the same judge and magistrate judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties. The parties should be aware that relating the cases under Local Rule 83-123 merely has the result that the two (2) actions are assigned to the same judge; no consolidation of the actions is effected. Under the regular practice of this court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned.

The court hereby orders that:

1. The above-captioned cases are RELATED.
2. The action denominated CIV. NO. 2:09-cv-00466 JAM DAD is REASSIGNED to Judge Lawrence K. Karlton and Magistrate Judge Kimberly J. Mueller for all further proceedings. Any dates currently set in the reassigned case are hereby VACATED. Defendants in the reassigned case are DIRECTED to renotice any motions pending in that case to reflect a hearing date available before Judge Karlton.
3. Henceforth, the caption on documents filed in the cases shall be shown as CIV. NO. 2:08-cv-02184 LKK KJM and

```
1          CIV. NO. 2:09-cv-00466 LKK KJM, respectively.
2     3.   The Clerk of the Court make shall appropriate adjustment
3          in the assignment of civil cases to compensate for this
4          reassignment.
5   IT IS SO ORDERED.
6   DATED:  March 16, 2009.
```

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT