IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a non-
profit corporation,

        Plaintiff,

  v.                                CIV. NO. S-08-2184 LKK/KJM

CITY OF STOCKTON, a municipal
corporation,

        Defendant.
_____/

COALITION FOR A SUSTAINABLE
DELTA, a California corporation,
BELRIDGE WATER STORAGE DISTRICT,
A California Water Storage
District, BERRENDA MESA WATER
DISTRICT, a California Water
District, CAWELO WATER DISTRICT,
a California Water District,
NORTH OF THE RIVER MUNICIPAL
WATER DISTRICT, a California
Municipal Water District,
WHEELER RIDGE-MARICOPA WATER
STORAGE DISTRICT, a California
Water Storage District, and
DEE DILLON, an individual,

        Plaintiffs,

  v.                                CIV. NO. S-09-0466 JAM/DAD

CITY OF STOCKTON, a municipal
corporation, and COUNTY OF SAN
JOAQUIN, a political subdivision
of the State of California,
                                          <u>UNRELATED CASE ORDER</u>
        Defendants.
_____/

On Thursday, March 12, 2009, the Coalition for a Sustainable Delta, plaintiff in case 2:09-cv-00466, filed a notice in case 2:08-cv-02184, <u>Calif. Sportfishing Protection Alliance v. Stockton</u>, indicating that the two cases were related. Three court days later, on Monday, March 16, 2009, this court issued an order relating the two cases and reassigning the later-numbered case to this court. The City of Stockton, a defendant in both cases, and the County of San Joaquin, a defendant in only the later case, promptly filed a motion for reconsideration of that order.

Local Rule 83-123 allows the relation of cases and consequent reassignment to the same judge in order to promote judicial economy and savings of effort. As such, this court is reluctant to encourage parties, here and in the future, to subvert the purpose of this rule by turning it into another avenue of litigation. To guard against abuse of this rule in both this and future cases, however, the court should relate cases only when the benefits envisioned by the rule will actually ensue.

The defendants here, who did not have an opportunity to respond to the notice of related cases before this court issued its order relating them, informed the court that the earlier case was settling at the time the cases were related. Defendants also argued that the subject matter of the two cases only minimally overlaps. Settlement negotiations in the earlier case have further progressed, and the parties have informed the court that a consent decree will be submitted shortly. Therefore, even assuming that there is some overlap in the factual and legal issues between the

| | |
|---|---|
| 1 | two cases, the fact that the earlier case has settled without this |
| 2 | court having an occasion to adjudicate these issues means that |
| 3 | relation of the two cases will not effect a significant saving of |
| 4 | judicial effort. |

    For the reasons stated above, the court ORDERS as follows:

1. The order of March 16, 2009, Doc. No. 21 in case 2:08-cv-2184, Doc. No. 14 in case 2:09-cv-466, is VACATED.
2. As a result, the action denominated CIV. NO. 2:09-cv-466 LKK KJM is REASSIGNED to Judge John A. Mendez and Dale A. Drozd for all further proceedings. Any dates currently set in the reassigned case are hereby VACATED. Parties in the reassigned case are DIRECTED to renotice any motions pending in that case to reflect a hearing date available before Judge Mendez.
3. Henceforth, the caption on documents filed in the later case shall be shown as CIV. NO. 2:09-cv-00466 JAM DAD.
4. The Clerk of the Court make shall appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

IT IS SO ORDERED.

DATED: May 12, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3