UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a non-
profit corporation,

                NO. CIV. S-08-2184 LKK/KJM

    Plaintiff,

  v.

CITY OF STOCKTON, a municipal         O R D E R
corporation,

    Defendant.
                            /

    Plaintiff environmental groups brought suit against the City of Stockton under the Clean Water Act. Since the suit was filed, the parties have diligently worked toward settlement, such that no substantive orders have been filed in this case. Pending before the court is the parties' proposed consent decree. The Ninth Circuit has provided the standard for evaluation of proposed decrees in citizen suits:

> Because of the unique aspects of settlements, a district court should enter a proposed consent judgment if the court decides that it

1

> is fair, reasonable and equitable and does not violate the law or public policy. . . . As long as the consent decree comes "'within the general scope of the case made by the pleadings,"' furthers "the objectives upon which the law is based," and does not "violate[] the statute upon which the complaint was based," the parties' agreement may be entered by the court.

Sierra Club, Inc. v. Electronic Controls Design, Inc., 909 F.2d 1350, 1355 (9th Cir. 1990) (citations omitted).  Although Sierra Club stated this standard generally, the suit at issue in that case was also a citizen suit under the Clean Water Act.

In evaluating whether this standard has been met, the court considers the opinion of the United States.  Under the Clean Water Act,

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator [of the Environmental Protection Agency].

33 U.S.C. § 1365(c)(3).  The parties have complied with this provision, and the United States has filed a limited objection.  While the United State's objections are not binding on this court, Sierra Club, 909 F.2d at 1356, the court considers them carefully.  See also Hawaii's Thousand Friends, Life of Land, Inc. v. Honolulu, 149 F.R.D. 614, 618 (D. Haw. 1993).

The United States' sole objection concerns the possibility that a $300,000 "mitigation payment" called for under the consent decree will be used to fund limited lobbying.  The decree calls for this payment to be made to The Rose Foundation for Communities and

2

the Environment, a 501(c)(3) tax-exempt entity.  These payments are to be used "to fund environmental project activities that will benefit the Sacramento-San Joaquin River Delta."  Consent Decree, 24.  Payments to non-profits are permissible under the statute. Sierra Club, 909 F.2d at 1356.  The Rose Foundation's status as a 501(c)(3) organization prevents it from engaging in many, but not all, lobbying activities.  The United States' position is that citizen suit settlements should not be used to fund *any* lobbying activity, and the United States asks the court to impose such a limitation in the consent decree.  The United States points to the settlement policy the Environmental Protection Agency has adopted for use in evaluating settlements in enforcement actions brought by the United States. See "EPA Supplemental Environmental Projects Policy," effective May 1, 1998 (SEP Policy).[1]  The United States also uses this policy in reviewing proposed settlements in citizen suits.  This policy does not specifically refer to lobbying activity.  However, it suggests that funded projects must have an "adequate nexus" to the objectives of the environmental statute, and the United States contends that lobbying activity lacks such a nexus.

The United States acknowledges that the SEP policy is neither binding on this court nor entitled to deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S.

---

[1] This policy is available at http://www.epa.gov/compliance/resources/policies/civil/seps/fnlsup-hermn-mem.pdf

3

837, 865-66 (1984). Nonetheless, in light of the EPA's familiarity with the statute, the court grants some respect to the EPA's interpretation of whether a settlement "furthers the objectives upon which the [statute] is based." Sierra Club, 909 F.2d at 1355. See also Alaska Dept. of Environmental Conservation v. EPA, 540 U.S. 461, 487-77 (2004).

Having considered the United States' objections, the court declines to limit or modify the decree. Any potential lobbying activity must comply with the terms of the consent decree, and the decree's limits ensure that such activity will bear sufficient connection to the purposes of the statute. Perhaps of more practical significance, albeit not legal significance, nothing indicates that many, if any, of the provided funds will be spent on lobbying activity.

For the reasons stated above, the court APPROVES AND ENTERS the Consent Decree appended hereto as Exhibit A.

IT IS SO ORDERED.

DATED: September 30, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT